ALTENBERND, Judge.
Southeast Capital Development Corporation appeals a final judgment in an action for declaratory relief which it filed against Caya Costa Community Association, Inc. Although we affirm the legal decisions which have been announced in the final judgment, we reverse the judgment because it does not resolve the primary dispute between these parties which was alleged in Southeast Capital’s complaint.
Caya Costa is a residential development in Pinellas County. The development was created by a third party in 1984. It was originally platted to include approximately 250 lots. Many homes were built on those lots in the mid-1980s. The development has a common ownership of certain open spaces and facilities. The Caya Costa Community Association manages these common facilities. Each homeowner is a member of the association and is charged an assessment for the expense of the common facilities. The amount of a homeowner’s assessment, pursuant to the Master Declaration of Covenants, Restrictions and Easements of Caya Costa, is dependent in part upon the definition of a lot. In 1985, a second amendment to the master declaration altered the definition of a lot. Under the second amendment, a “lot” means
the parcels of land shown upon any recorded subdivision plat of the Properties which are intended to contain a Living Unit or to any reconfiguration of any such parcel. In the event that any such parcels are combined or otherwise reconfigured, each reconfigured parcel on which a Living Unit is or is to be erected shall constitute one Lot.
In 1988, Southeast Capital purchased the 38 remaining undeveloped lots within Caya Costa. Due to environmental considerations, only 31 of those lots could be developed. At the time Southeast Capital purchased the lots, it intended to replat the lots and reconfigure the remaining development to include only 18 lots, upon which more expensive homes were to be built. In conjunction with this sale, a fourth amendment to the master declaration was prepared, which included a new definition of a “custom home lot.” In essence, Southeast Capital intended to create new lots which, as a group, would receive approximately 18/2S7 of the total assessments. Caya Costa Community Association appears amenable to a reconfiguration of the lots so long as the lots continue to receive approximately 31/25o of the total assessments.
Ultimately, the parties could not resolve their dispute concerning their respective rights and responsibilities with reference to this land and the assessments. Southeast Capital filed an action for declaratory relief, seeking a determination that it was entitled to replat the 31 lots into 18 lots and that the lots should be assessed as 18 lots rather than 31. Following an evidentiary hearing, the trial court determined, in paragraph five of its final judgment, that the fourth amendment to the master declaration was invalid. Paragraph six provided *882 that the lots should be assessed “in accordance with the Master Declaration of Covenants, Restrictions and Easements of Caya Costa, as amended.” We affirm those rulings without discussion.
Southeast Capital correctly argues that the final judgment does not clearly resolve the primary dispute between the parties. At this point, Southeast Capital is still uncertain whether it can replat the lots and, if so, whether the assessments will be based on 18 lots. Although Caya Costa Community Association is convinced that the trial court has ruled in its favor on both of these issues, we are not persuaded that the issues have been resolved. Assuming the trial court intended this final judgment to resolve these issues, the trial court’s resolution and its reasoning are sufficiently unclear to prevent our review of the correctness of the judgment.
Accordingly, we approve the trial court’s judicial labors to date, but we remand this case for additional proceedings, including any necessary evidentiary hearing and legal arguments, to fully resolve the dispute which has been adequately alleged in the complaint for declaratory action.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and FRANK, J., concur.